UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL ALLEN HARRINGTON,<br><br>        Petitioner,<br><br>    v.<br><br>PATRICK GLEBE,<br><br>        Respondent. | CASE NO. 4:15-CV-5014-EFS<br><br>**ORDER DENYING PETITIONER'S MOTION TO GRANT AN INJUNCTION AND MOTION FOR DISCOVERY, AND EXTENDING REPLY DEADLINE TO SEPTEMBER 4, 2015** |

Habeas petitioner Russell Allen Harrington asks the Court to enter an injunction prohibiting Washington State Department of Corrections from transferring him from Stafford Creek Corrections Center to another state facility, particularly Walla Walla State Penitentiary or Coyote Ridge Detention Facility, because he is concerned for his safety at these institutions, he will not have access to the paralegal course he recently began, and he will be farther away from his family. ECF No. 16. Mr. Harrington also seeks leave to obtain the photographs of the crime scene and other pictures taken that day, a copy of the 911 tape, and the notes used by the identified witnesses to refresh their memory when testifying at trial. ECF No. 18 at 3 (listing witnesses). Lastly, Mr. Harrington seeks additional time to file his reply to his habeas petition because he began attending paralegal school in prison in April 2015 and has been distracted and stressed by the anticipated move to another facility. ECF No. 20.

ORDER - 1

1    Respondent opposes the injunction request, submitting that the
2 Washington State Department of Corrections (DOC) has the ability to
3 transfer inmates consistent with its penological goals and procedures.
4 ECF No. 17. In addition, Respondent maintains that the requested
5 injunctive relief is not appropriately sought through this habeas
6 proceeding. Respondent opposes Mr. Harrington's Motion to Grant
7 Discovery and Motion to Grant an Extension of Time as well. ECF Nos.
8 21 & 22.

9    The Court takes each motion in turn. First, the Court denies Mr.
10 Harrington's requested injunction. This case is a habeas proceeding—
11 whether the state court's decision was contrary to, or involved an
12 unreasonable application of, clearly established federal law or based
13 on an unreasonable determination of the facts in light of the evidence
14 presented to the state court. 28 U.S.C. § 2254(d). This habeas
15 proceeding is not the correct proceeding in which to challenge the loss
16 of a prison job, or a transfer away from family and friends. *Cf. Olim*
17 *v. Wakinekona*, 461 U.S. 238, 247 (1983) (recognizing that prison
18 transfers are constitutional even where they involve "long distances
19 and an ocean crossing"); *White v. Lambert*, 370 F.3d 1002, 1013 (9th
20 Cir. 2004) (recognizing that an inmate does not have a right to be
21 housed at the facility of his choice); *Rizzo v. Dawson*, 778 F.2d 527,
22 532 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently
23 extinguished by his conviction so that the state may change his place
24 of confinement even though the degree of confinement may be different
25 and prison life may be more disagreeable in one institution than
26

ORDER - 2

another."); RCW 72.68.010(1) (identifying DOC's ability to transfer inmates between institutions).

Nonetheless, during this habeas proceeding, the Court must ensure Mr. Harrington has adequate access to legal materials and resources to pursue his habeas petition. *See Lewis v.* Casey, 518 U.S. 343, 351 (1996). The Court has kept an eye on this necessity by granting Mr. Harrington a four-month extension thus far for filing his reply, and Mr. Harrington has had access to the prison law library regularly since January 2015. ECF No. 20, Ex. 3. And the DOC has agreed not to move Mr. Harrington until after his current reply deadline in late August even though pursuant to DOC policies Mr. Harrington is currently eligible for transfer to another facility in order to aid his transition back to the community in light of his anticipated release in August 2018. ECF No. 17, Ex. 1 ¶ 17 (noting that DOC has placed a temporary hold on any potential transfer for Mr. Harrington given that he has an upcoming reply-filing deadline). *See also Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (recognizing that a prison may not erect barriers that actively and unreasonably interfere with a prisoner's access to the courts).

Notwithstanding these accommodations, Mr. Harrington seeks an extension of his August 21, 2015 reply deadline so that he can obtain and review the requested discovery and in light of his schooling and the stress he has experienced as a result of the anticipated transfer. The Court is hesitant to grant Mr. Harrington additional time to prepare his reply given the considerable amount of time that has already been granted. Nonetheless, because Mr. Harrington's focus was shifted from

ORDER - 3

his habeas-petition reply to his concern regarding a transfer to another institution, the Court finds a limited two-week extension is appropriate. Accordingly, the Court extends the reply deadline to **September 4, 2015**. A longer extension is unnecessary given the many months that Mr. Harrington has had to prepare a reply and the access he has had to the prison law library. Mr. Harrington is cautioned that his reply is not to raise new arguments but rather is to respond to the arguments raised by Respondent. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (recognizing that a reply "is not the proper pleading to raise additional grounds for relief").

Mr. Harrington requests the discovery listed in his motion in order to "complete his habeas answer." ECF No. 18. This articulation is insufficient to satisfy Rule 6(b) of the Rules Governing Section 2254 Proceeding: "A party requesting discovery must provide reasons for the request." *See also Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) ("[T]here simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter."). Mr. Harrington must identify how each requested piece of evidence will support his insufficient-evidence argument in his habeas petition so that the Court can reliably determine whether the evidence should be disclosed. *See Herrera v. Collins*, 506 U.S. 390, 403 (1993). In addition, Mr. Harrington failed to identify whether the evidence he seeks was admitted into evidence at trial. *See id.* at 402 (recognizing that a habeas petition asserting an insufficient-evidence claim may only cite to evidence admitted at trial—not non-record evidence).

ORDER - 4

Accordingly, the Court denies Mr. Harrington's motion for discovery at this time.

For the above-given reasons, **IT IS ORDERED**:

1. Mr. Harrington's Motion to Grant an Injunction, **ECF No. 16**, is **DENIED**.
2. Mr. Harrington's Motion to Grant Discovery, **ECF No. 18**, is **DENIED**.
3. Mr. Harrington's Motion to Grant an Extension of Time, **ECF No. 20**, is **GRANTED**. Mr. Harrington SHALL file his reply to his habeas petition no later than **September 4, 2015**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Harrington and counsel.

**DATED** this __19th__ day of August 2015.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2015\5014.deny.injunct.lc1.docx

ORDER - 5